Filed 1/30/26  P. v. Burgess CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHARLES THOMAS BURGESS,<br><br>Defendant and Appellant. | C101591<br><br>(Super. Ct. Nos. SCCR-CRF-2017-028, 23CF04430 & 23CF06612) |

After the trial court denied defendant Charles Thomas Burgess' request for pretrial mental health diversion (Pen. Code, § 1001.36)[1] he pled no contest to several charges in two separate cases and admitted to violating probation in a third.  The trial court sentenced defendant to five years four months in prison.  Defendant claims the trial court abused its discretion when it found him unsuitable for mental health diversion despite acknowledging he did not pose an unreasonable risk of committing a "super strike."  We conclude the trial court abused its discretion in denying mental health diversion.

---

[1]     Further undesignated section references are to the Penal Code.

1

Accordingly, we vacate defendant's no contest plea and sentence, and remand for the trial court to determine defendant's suitability for mental health diversion.

FACTUAL AND PROCEDURAL BACKGROUND

As defendant pled no contest, we summarize the factual basis of the plea agreement from the probation report.

In Siskiyou County Superior Court case No. 23CF04430, defendant and his girlfriend, A.O.,[2] had a verbal argument in June 2022. During the argument, he unloaded a shotgun. Defendant informed the responding officers he was a convicted felon and gave the officers three shotgun shells from his pants pockets. Officers arrested defendant and transported him to the local police station. A subsequent search revealed defendant had a plastic tube containing ammunition. In August 2023, the People charged defendant with possession of a firearm by a felon (§ 29800, subd. (a)(1)), two counts of unlawful possession of ammunition (§ 30305, subd. (a)(1)), and alleged defendant had two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12). The People also alleged several circumstances in aggravation.

In Siskiyou County Superior Court case No. 23CF06612, police officers responded to a report of a woman receiving threats from her ex-boyfriend in October 2022. The victim, A.O., said defendant had threatened to hurt her. A.O. reminded defendant that she had a restraining order, and defendant responded, " 'I have nothing to lose. . . . If you think that is going to stop me, you're stupider than I thought.' " A.O. was scared to return home because she believed defendant would find her there and harm her. In July 2023, the People charged defendant with making criminal threats (§ 422, subd. (a)) and battery on a cohabitant (§ 243, subd. (e)(1)), and alleged defendant had two

---

[2]    To protect her privacy, we refer to the victim by her initials. (Cal. Rules of Court, rule 8.90, subd. (b)(4).)

prior strike convictions (§§ 667, subds. (b)-(i), 1170.12). The People also alleged several circumstances in aggravation.

In Siskiyou County Superior Court case No. SCRR-CRF-2017-028, defendant pled guilty to corporal injury to a cohabitant (§ 273.5, subd. (a)) and admitted a prior strike (§ 667.5, subd. (b)). The trial court placed defendant on three years of probation. In 2022, the trial court found defendant in violation of probation. The court reinstated and extended probation until May 2024. In August 2023, the People filed a petition to revoke probation.

In November 2023, defendant filed a petition for mental health diversion. The petition included an assessment from Kellie Malewski, a licensed clinical social worker, and a letter from the Siskiyou County Health and Human Services Agency. The assessment indicated defendant met the criteria for bipolar I disorder, cannabis dependence disorder, and methamphetamine use disorder. The letter indicated defendant needed residential inpatient treatment to treat his substance use disorders.

At the mental health diversion hearing on January 2024, the prosecution claimed defendant was unsuitable for the mental health diversion because he had two prior strikes, indicating he was a public safety risk. Further, defendant demonstrated he could not abide by court orders, suggesting he was unlikely to complete diversion successfully.

Defense counsel responded that defendant was not a public safety risk because there was not a substantial risk he would commit a super strike. Defendant had not previously been convicted of a super strike offense, was not charged with a super strike in the underlying cases, and was not undergoing treatment when he violated probation.

The trial court found that defendant was eligible but was not suitable for mental health diversion. The court reasoned: "There is a history of violence and I'm not going to go as far as to say that it's likely that he would commit a super strike. However, just noting that there is a history of violence, noting that there's been a history of noncompliance with taking his medication and then self[-]medicating with

3

methamphetamine. . . . [¶] [T]here's nothing to help me understand that that's going to be different in the future."

Defendant later pled no contest to all the alleged offenses and admitted he violated probation. Defendant also admitted three aggravating circumstances and one prior strike conviction allegation. In exchange, the trial court struck the one prior strike conviction allegation and sentenced defendant to an aggregate prison term of five years four months.

Defendant timely appealed and obtained a certificate of probable cause.

DISCUSSION

Defendant argues the trial court abused its discretion when it found he was unsuitable for mental health diversion. The People argue the trial court properly exercised its residual discretion in denying mental health diversion. We conclude the trial court abused its discretion in concluding defendant was unsuitable for diversion and improperly exercised its residual discretion in a manner inconsistent with the principles and purpose of section 1001.36.

A trial court's ruling on a request for mental health diversion is reviewed for abuse of discretion, and the court's factual findings are reviewed for substantial evidence. (*People v. Moine* (2021) 62 Cal.App.5th 440, 448-449.) "A court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard [citations], or bases its decision on express or implied factual findings that are not supported by substantial evidence." (*Id.* at p. 449.) A trial court further abuses its discretion if its decision "is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

Section 1001.36 "authorizes pretrial mental health diversion for defendants with qualifying mental health disorders." (*People v. Whitmill* (2022) 86 Cal.App.5th 1138, 1147.) The purposes of mental health diversion are to "mitigate the individuals' entry and reentry into the criminal justice system while protecting public safety," allow "local discretion and flexibility for counties in the development and implementation of

4

diversion for individuals with mental disorders," and "meet[ ] the unique mental health treatment and support needs of individuals with mental disorders." (§ 1001.35, subds. (a)-(c).)

Section 1001.36 prescribes a two-step analysis. (§ 1001.36, subds. (b) & (c).) First, the trial court considers whether the defendant is eligible for mental health diversion. (§ 1001.36, subd. (b).) The trial court must find eligibility if (1) the defendant has been diagnosed with a qualifying mental disorder, and (2) the defendant's mental disorder was a significant factor in the commission of the charged offense. (*Ibid.*) We need not discuss the first step, as the parties appear to agree defendant is eligible for mental health diversion.

A defendant is suitable for mental health diversion based on satisfaction of the following criteria: " '(1) In the opinion of a qualified mental health expert, the defendant's symptoms of the mental disorder causing, contributing to, or motivating the criminal behavior would respond to mental health treatment. [¶] (2) The defendant consents to diversion and waives the defendant's right to a speedy trial . . . . [¶] (3) The defendant agrees to comply with treatment as a condition of diversion . . . . [¶] [and] (4) The defendant will not pose an unreasonable risk of danger to public safety, as defined in Section 1170.18, if treated in the community.' (§ 1001.36, subd. (c)(1)-(4).)" (*People v. Graham* (2024) 102 Cal.App.5th 787, 795.)

Under section 1170.18, an unreasonable risk of danger to public safety is an unreasonable risk that the petitioner will commit a "super strike," which includes any homicide or attempted homicide offense, any serious or violent felony punishable by life imprisonment or death, and sexually violent offenses. (§§ 1170.18, subd. (c); 667, subd. (e)(2)(C)(iv).) A trial court may not deny diversion to an otherwise eligible defendant unless it finds the defendant is likely to commit one of these offenses. (*People v. Moine, supra*, 62 Cal.App.5th at p. 450.) In making this determination, the trial court "may consider the opinions of the district attorney, the defense, or a qualified mental health

5

expert, and may consider the defendant's treatment plan, the defendant's violence and criminal history, the current charged offense, and any other factors that the court deems appropriate." (§ 1001.36, subd. (c)(4).)

The trial court found defendant unsuitable for mental health diversion despite acknowledging that he was not likely to commit a super strike offense. The court's acknowledgment was reasonable, given that defendant had never previously been convicted of a super strike offense and was not charged with a super strike in the underlying cases. Under the circumstances, there is no substantial evidence to support a conclusion defendant was likely to commit a super strike. (*Sarmiento v. Superior Court* (2024) 98 Cal.App.5th 882, 897 (*Sarmiento*).)

The People claim the trial court exercised its residual discretion in a permissible manner because it relied on defendant's noncompliance with medication, his self-medicating with methamphetamine, his "violent history," his unwillingness to obey court orders, and probation violations. We disagree.

"Assuming the defendant is both eligible and suitable, the trial court must also be satisfied 'that the recommended inpatient or outpatient program of mental health treatment will meet the specialized mental health treatment needs of the defendant.' (§ 1001.36, subd. (f)(1)(A)(i).)" (*Sarmiento, supra,* 98 Cal.App.5th at p. 892.) "Finally, even where defendants make a prima facie showing that they meet all the express statutory requirements, the court may still exercise its discretion to deny diversion." (*Ibid.*) "But this 'residual' discretion must be exercised ' "consistent with the principles and purpose of the governing law." ' " (*Ibid.*)

Given the lack of evidence that defendant posed a risk to public safety as defined in sections 1001.36 and 1170.18, the trial court apparently invoked its residual discretion in denying mental health diversion. To the extent it did so by relying on defendant's "history of violence," this was improper because the court cannot create an "alternative

6

meaning of 'public safety' inconsistent" with section 1001.36, subdivision (c)(4). (*Sarmiento, supra*, 98 Cal.App.5th at pp. 896-897.)

To the extent the trial court was relying on defendant's history of noncompliance with medication, self-medicating with methamphetamine, his unwillingness to obey court orders, and probation violations, this was also an error. None of these past personal flaws is a reason that the Legislature has identified as valid for denying mental health diversion. Further, none of these reasons is consistent with the underlying purpose of the mental health diversion statute, namely to provide treatment to "break[ ] the cycle of criminal recidivism" for those with diagnosed disorders. (*Sarmiento, supra*, 98 Cal.App.5th at p. 897 ["[e]xpanding the reasons to deny diversion" is "inconsistent" with the underlying purpose of the mental health diversion statute].) Given that the court's rationale failed to justify its decision to deny defendant mental health diversion, we must vacate the trial court's orders. (*Id*. at p. 898.)

DISPOSITION

The trial court's judgment is vacated, and this matter is remanded to the court with instructions to reconsider defendant's suitability for mental health diversion pursuant to section 1001.36 in a manner consistent with this opinion.

\s\ ,
Krause, J.

We concur:

\s\ ,
Hull, Acting P. J.

\s\ ,
Boulware Eurie, J.